(29 App. Div. 630.)

MILLER v. BUILDERS' LEAGUE OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

ASSOCIATION—SUSPENSION OF MEMBER.
     An association cannot suspend a member for exercising in good faith his statutory right to file a mechanic's lien on the property of an associate member without first seeking to arbitrate, where there is nothing in the rules compelling him to arbitrate, nor authorizing the association to discipline a member for such conduct.

Appeal from special term.

Peremptory mandamus by Clifford L. Miller against the Builders' League of New York. There was an order allowing the writ of mandamus, and defendant appeals. Affirmed.

The following is the opinion of the court below (KELLOGG, J.):

"I find nothing in the constitution or the by-laws of this association authorizing it, by direct language or reasonable intendment, to discipline a member for the causes alleged here. There is no dispute about the facts. The charge was simply that the relator, in good faith and upon a legal claim, exercised his statutory right to file a mechanic's lien upon the property of an associate member. Conceding the merits of the relator's claim, and refusing to inquire into the merits, the committee of this association presumed to declare the relator a subject for suspension because he had not first sought to arbitrate. The sufficient answer to this is that the rules do not compel him to arbitrate. This act of the relator did not tend to injure the standing or credit of the organization. Before an association can assume to discipline a member for exercising a legal right, it must make it plain by its by-laws that such exercise will subject the member to the penalty sought to be imposed. This was an unauthorized and arbitrary proceeding. Let the peremptory writ of mandamus prayed for issue, and the relator is awarded $50 costs, together with his disbursements, to be taxed."

Argued before BARRETT, RUMSEY, O'BRIEN, and McLAUGH-
LIN, JJ.

R. Dulon, for appellant.

J. F. Miller, for respondent.

PER CURIAM.    Order affirmed, with $10 costs and disbursements,
on opinion of KELLOGG, J., in the court below.